# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**MICHAEL BRAZELL, JR.**
**ADC #500711**                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 2:16-CV-38-BSM-BD**

**AYANNA A. VINCENT and**
**L. ALLEN**                                                                    **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief

Judge Brian S. Miller.  You may file written objections to this Recommendation.  If you

file objections, they must be specific and must include the factual or legal basis for your

objection.  Your objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

**II.**      **Background**

Michael Brazell Jr., an Arkansas Department of Correction inmate at the East

Arkansas Regional Unit, filed this lawsuit under 42 U.S.C. § 1983.  (Docket entry #2)  In

his complaint, Mr. Brazell claims that he was discriminated against and harassed by ADC

officers.  He also claims that Defendant Vincent charged him with a false disciplinary in

violation of his constitutional rights; that Defendant Allen failed to conduct a proper investigation regarding Defendant Vincent's conduct; and that unknown ADC officers improperly processed his grievances against Defendant Vincent. Because Mr. Brazell did not specifically explain what punishment he received as a result of the disciplinary charge at issue, the Court gave Mr. Brazell an opportunity to amend his complaint. Mr. Brazell has since filed two amended complaints. (#6, #8)

Liberally reading the allegations contained in all of Mr. Brazell's complaints, the Court, nonetheless, recommends that his claims be DISMISSED.

## III.  Discussion

A.    Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court can dismiss a complaint that fails to state a claim upon which relief can be granted. In deciding whether a plaintiff has stated a federal claim for relief, the Court reviews the allegations to determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, broad conclusory allegations, even in a *pro se* complaint,

are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

B.      Analysis

First, the issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Williams v. Horner*, 403 Fed Appx. 138 (8th Cir. 2010); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir.1986)).

Second, the punishment imposed was not severe enough to constitute a constitutional deprivation. As a result of the disciplinary conviction at issue, Mr. Brazell states that he was sentenced to punitive isolation for seventeen hours, then transferred to the "East Arkansas Regional Max Unit" for two days. (#8) While housed at the Max Unit, Mr. Brazell was unable to use the telephone; was locked down for twenty-three hours a day; and was shackled and handcuffed when he was transported to the shower.

Mr. Brazell's placement in isolation and his transfer to the "Max Unit," however, cannot support a due process claim. Under settled law, a prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Placement in punitive isolation or administrative segregation for relatively short intervals, even if it results in a temporary suspension of privileges, does

3

not constitute the type of "atypical and significant" hardship that triggers the protection of the due process clause. *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*).  Accordingly, the temporary changes in Mr. Brazell's conditions of his confinement do not rise to the level of a constitutional due process violation.[1]

Furthermore, Mr. Brazell's allegation that Defendant Allen failed to properly investigate Defendant Vincent's false disciplinary against him is not conduct that rises to a constitutional deprivation.  The Court is not aware of any precedent establishing an inmate's federal constitutional or statutory right to an internal prison investigation.  See 42 U.S.C. § 1983; *Gatlin ex rel Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (providing that a § 1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

Finally, to the extent that Mr. Brazell claims that ADC officials improperly processed his grievances, this claim also fails.  Under settled law, inmates do not have a constitutional right to an inmate grievance procedure.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993).  Therefore,

---

[1]  In some instances, an inmate may have a liberty interest in avoiding placement in a super max facility.  See *Wilkinson v. Austin*, 545 U.S. 209 (2005); *Griggs v. Norris*, 2008 WL 4821633.  Here, however, Mr. Brazell claims that he was transferred to the maximum security barracks within the East Arkansas Regional Unit.

a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.[2]

C.      Motion for Temporary Restraining Order

Mr. Brazell also has filed a motion for temporary restraining order, seeking an order prohibiting Defendant Vincent from having contact with him.  (#3)  The motion (#3) should be DENIED.

Mr. Brazell is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction where Defendant Vincent is an officer.  The Court does not have the power to order Defendant Vincent or her "officers, agents, or employe[e]s" to refrain from contact with Mr. Brazell based on his current status as an ADC inmate.  In any event, the motion includes no facts to support a conclusion that Mr. Brazell is in danger of irreparable harm.  And without the threat of irreparable harm, the Court cannot issue a preliminary injunction.  *Mid-Am. Real Estate Co. v. Iowa Realty Co.*, 406 F.3d 969, 977 (8th Cir. 2005).  "Possible harm" is not enough to support a preliminary injunction; rather, there must be an actual threat of harm.  *Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999) (citing *Dataphase Sys. v. C.L. Sys.*, 640 F.2d 109, 113 (8th Cir. 1981)).

---

[2] In his complaint, Mr. Brazell states that he believes that ADC officers are "trying to cover up Defendant Vincent['s] wrong doing."  (#2 at p.6)  Mr. Brazell, however, fails to provide any factual allegations to support such an allegation.  For that reason, his unsubstantiated beliefs are insufficient for the Court to allow him to move forward on this claim.

**IV.**     **Conclusion**

The Court recommends that Mr. Brazell's claims be DISMISSED, without

prejudice, based on his failure to state a constitutional claim.  In addition, his motion for a

temporary restraining order (#3) should be DENIED.

DATED this 19th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE